IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>SHAUNA M. BEAR ) | No. 2:14-CR-033 |

**O R D E R**

By judgment dated September 10, 2015, this court sentenced the defendant to a term of imprisonment of 78 months. Now before the court is the defendant's *pro se* motion for sentence reduction [doc. 158], filed in reliance on Rule 35 of the Federal Rules of Criminal Procedure.

"[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). "Only two statutory provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255, both of which are plainly inapplicable here." *United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005). Rule 35 is also inapplicable to the present motion, as that rule authorizes correction or reduction of sentence only: (1) upon a substantial assistance motion filed by the government; or (2) to "correct a sentence that resulted from arithmetical, technical, or other clear error" if done within 14 days after sentencing. *See* Fed. R. Crim. P. 35. The motion now before the court is not brought by the government for substantial assistance, and Rule 35(a)'s

14-day window has long closed. Further, there was no "arithmetical, technical, or other clear error" in this case.

Beyond the 14-day period set by Rule 35(a), "the court has jurisdiction to amend the sentence only in conformity with Rule 36." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004). Rule 36 allows the court to correct "clerical errors" or "errors in the record arising from oversight or omission." *See* Fed. R. Crim. P. 36. Rule 36 is available only to correct clerical errors, not to cure "unexpressed sentencing expectations." *Robinson*, 368 F.3d at 656-57. Again, no clerical error is cited by the defendant, and the court is aware of none.

The court sympathizes with the personal concerns cited in the defendant's motion but, as explained herein, is without authority to grant the requested relief. The defendant's motion [doc. 158] must therefore be **DENIED**.

    **IT IS SO ORDERED.**

    ENTER:

    s/ Leon Jordan
    United States District Judge